THOMPSON *vs.* BURHANS and others.

In an action of ejectment, the premises in question, according to the plaintiff's claim, constituted the north portion of township 47 in T. & C.'s purchase; and the point in dispute was the location of the north line of the township; the plaintiff claiming that the township extended to the south line of the M. purchase, and the defendants insisting that it did not reach to that line, by about 90 chains, thus leaving a tract of land, or gore, between the north line of township 47, and the M. line. The defendants, by their answer, admitted possession of, and averred title to, "a gore of land" south of the south line of the M. purchase, and the defense was a labored and persistent effort to sustain their title and their right to such possession. The referee found their claim of title unsustained, and their admitted possession unlawful as against the plaintiff.

*Held* that in the face of these admissions and averments in the pleadings, and after an unsuccessful effort to sustain a defense based thereon, the defendants were not at liberty to insist that they made no claim to the lands described in the complaint.

Thompson *v.* Burhans.

Where the plaintiff in such an action is in possession of the premises in dispute, under title derived from· and through deeds executed by the comptroller, upon tax-sales; and 'the defendants were without shadow of title—mere in-·truders and trespassers—regularity in the proceedings by that officer, under the statute conferring the authority to sell and convey, will be presumed.

And actual occupation of a part of the premises will, in such a case, draw to it possession of the whole.

Even though the plaintiff's deeds are void, mere strangers and intruders cannot set up their invalidity. The plaintiff's possession, under such a claim of title, is sufficient to sustain a recovery against a naked trespasser, entering without right.

The defendants attempted to justify their entry and possession under a comptroller's deed, in which the description of the premises conveyed was, "of land lying north of, and adjoining to, township No. 47 of T. & C.'s purchase," bounded by the "north bounds of said township." *Held* that such deed afforded no authority for, or justification of, a possession by the defendants south of such north bounds; even admitting its validity. And that their entry upon and possession of such land, claiming under such deed, was without the shadow of right, and they were, as against the plaintiff's prior possession and claim of title, mere naked trespassers.

$\mathrm{A}$PPEAL by the defendants from a judgment entered upon the report of a referee, in an action of ejectment.

The referee found and reported the following facts :

*First.* That the plaintiff was and is the owner in fee, and was in possession of the undivided five sixteenths parts of the premises described in the complaint, being the northerly part of township number 47, in the division of Totten & Crossfield's purchase into townships, and more fully described in the complaint.

*Second.* That before the commencement of this action the defendants wrongfully entered into the possession of said premises,· and expelled the plaintiff therefrom, and claimed to own the same in their own right; and that the defendants were, at the time of the commencement of this action, and still are in the possession thereof, claiming to own the same.

*Third.* That the said township number 47 extends to the north line of Totten & Crossfield's purchase; that said north line is also the south line of Macomb's purchase; and that

there is no gore of land, as claimed by the defendants, between the said north line of township number 47, in Totten & Crossfield's purchase, and the south line of said Macomb's purchase.

*Fourth.* That the premises in controversy in this action are within, and are part and parcel of, said township number 47, of Totten & Crossfield's purchase, as described in the plaintiff's complaint.

As a conclusion of law, the referee found and decided that the plaintiff was entitled to a judgment against the defendants for the recovery of the said five sixteenths parts of the said premises, as demanded in the complaint herein, with costs, and the same was directed and awarded accordingly.

*S. Brown,* for the appellants.

*A. Pond,* for the respondent.

*By the Court,* BOCKES, J. This is an action of ejectment. The premises in question, according to the plaintiff's claim, constitute the north portion of township 47, in Totten & Crossfield's purchase, in the county of Essex.

The point in dispute, is the location of the north line of the township. The plaintiff insists that the township extends to the south line of what is known as the Macomb purchase; whereas the defendants insist that it does not reach to that line by about ninety chains, thus leaving a tract of land, or gore, between the north line of township 47, and the Macomb line.

The action was referred to a referee to hear and determine, who held and decided, that township No. 47 extends to the north line of Totten & Crossfield's purchase, which line was identical with the south line of Macomb's purchase, and that there was, in fact, no gore of land

between said lines, as claimed by the defendants; and judgment was awarded in favor of the plaintiff.

It is urged by the defendants, that they make no claim to any part of township 47, and that, if it be true that the north line of the township be identical with the south line of the Macomb purchase, there should be no recovery against them, inasmuch as they neither had possession, nor claimed title to any lands south of the north line of the township. This objection to the recovery is wholly unsupported by the facts of the case. By the pleadings, they admit possession of, and aver title to, "a gore of land" south of the south line of Macomb's purchase; and the defense was a labored and persistent effort to sustain their title and their right to such admitted possession. The referee found their claim of title unsustained, and their admitted possession unlawful as against the plaintiff. In the face of these admissions and averments in the pleadings, and, after an unsuccessful effort to sustain a defense based thereon, the defendants are not at liberty to insist that they made no claim to the lands described in the complaint. The recovery in the action is undoubtedly right, in case the plaintiff established, first, his title to an undivided five sixteenths of township 47; and, second, that the north line of the township was identical with the south line of Macomb's purchase.

The plaintiff's title to township 47 was deduced from deeds made by the comptroller, on the sale of lands for unpaid taxes; and the objection was taken that there was no proof that the conditions precedent to confer power on that officer to sell and convey the lands, had been complied with or performed.

If it be true, as found by the learned referee, that the plaintiff was in possession of the premises in dispute, under title derived from and through the comptroller's deeds; and further, that the defendants were without shadow of title—mere intruders and trespassers—regularity in the

proceedings, under the statute conferring the authority to sell and convey by that officer, must be presumed. This is expressly declared by the statute. (*Laws of* 1860, *p.* 352, *ch.* 209. *Finlay* v. *Cook*, 54 *Barb.* 9, 30.) And actual occupation of part will, in such case, draw to it possession of the whole. (*Finlay* v. *Cook, supra.*) Even were the plaintiff's deeds void, mere strangers and intruders could not set up their invalidity. (7 *Barb.* 621.) In that case, the plaintiff's possession is sufficient to sustain a recovery against a naked trespasser, entering without shadow of right.

This brings us to consider the questions of fact found by the learned referee. It cannot be disputed that the deeds were intended to cover township No. 47, to its extreme north line, wherever that might be. The referee found that such north line was the north line of Totten & Crossfield's purchase, and the south line of Macomb's purchase. In this the learned referee is abundantly sustained by the proof. The various records made at a very ancient period, put in evidence by the plaintiff, bear on this point, and tend to the establishment of the fact as found. The surveys and ancient monuments discovered on the ground, and pretty clearly identified, also tend strongly to sustain the referee's conclusion. There was also some evidence of possession in accordance with an actual location, marking the south line of Macomb's purchase as identical with the north line of the township. Nor is there any evidence in the case sustaining a different conclusion. The fact, certified by the referee, must therefore be held to be well found by him. So, too, there was evidence of possession of the township under the comptroller's deed, both actual and constructive, prior to the defendants' entry. Then have the defendants shown any title, or right of possession? They also claim from the State under title acquired long subsequent to that of the plaintiff. Nor does the deed to Burhans, under which

Thompson *v.* Burhans.

they attempt to justify their entry and possession, purport to convey any part of township 47, only lands lying north of it. The description in the deed is " of land laying north of, and adjoining to, township No. 47, of Totten & Crossfield's purchase," and bounded by the " north bounds of said township." This deed, therefore, could afford no authority for, or a justification of, a possession by the defendants south of such north bounds, even admitting its perfect validity. The defendants' entry and possession was therefore without the shadow of right. In so far as can be seen from the case, they were intruders, as against the plaintiff's claim of title and possession—mere naked trespassers. In this view of the case it is unnecessary to examine the point urged by the plaintiff, that the defendants, claiming from the State, the common source of title, are estopped from alleging any invalidity in the plaintiff's title.

The objections to the record evidence, of documents, maps, &c., were, in so far as they were material, properly overruled. They were from the archives of the State, and in the custody of the proper officer; and were duly authenticated. (1 *R. S.* 166, §§ 1, 4. *Id.* 187, §§ 17, 18. 17 *N. Y.* 312. 36 *id.* 318.) The objections also urged to other points of evidence were either properly overruled, or related to matters in no way affecting the merits of the controversy.

In my opinion the judgment directed by the learned referee should be affirmed, with costs.

Judgment affirmed.

[SARATOGA GENERAL TERM, July 12, 1870. *Rosekrans, Potter, Bockes* and *James,* Justices.]