JAMES R. THOMPSON, RESPONDENT, *v.* FREDERICK O. BURHANS AND WILLIAM B. ISHAM, EXECUTORS OF BENJAMIN P. BURHANS, DECEASED, AND GEORGE RICHARDS, APPELLANTS, IMPLEADED WITH ABRAM B. VAN BENTHUYSEN.

*Ejectment — what possession of wild lands sufficient to maintain action against trespasser.*

The plaintiff claims title to certain lands under a comptroller's deed, executed in 1836, which conveyed three tracts of 6,300 acres each; one to be laid out in the northeast quarter of township No. 47, Totten and Crossfield; one in the northwest quarter, and the other in the southeast quarter thereof. At the time of the giving of the deed, township No. 47 was an entirely wild and native forest. Actual possession was taken of four or five hundred acres in the southeast quarter, and valuable improvements made thereon. The party claiming under the deed, also, entered upon the northwest quarter, built a shanty and barn thereon, made roads and continued in the actual enjoyment thereof, cutting and getting logs therefrom.

*Held,* that the possession of the plaintiff of the tract in the northwest quarter was sufficient to enable them to maintain an action of ejectment against trespassers thereon,

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to recover an undivided five-sixteenths of a parcel of land claimed by the plaintiff to be a part of township No. 47, in Totten & Crossfield's purchase, in Essex county, and bounded on the north by the south line of Macomb's purchase, while the defendants claim it to be a gore, situated between the north line of said township No. 47 and the south line of Macomb's purchase. The plaintiff claimed title under a comptroller's deed conveying three tracts, of 6,300 acres each, one to be laid out in the northeast quarter of township No. 47—Totter & Crossfield— one in the northwest quarter, and the other in the southeast quarter thereof, and certain acts of possession thereunder more fully set forth in the opinion.

The action was commenced against Benjamin P. Burhans, George Richards, Samuel T. Richards and Abram B. Van Benthuysen. Benjamin P. Burhans died, and his executors in the above-named suit were substituted in his place. Samuel T. Richards also died, and by stipulation his name was struck out of the papers in the action. The defendant above named appealed from a judgment entered upon the decision of Mr. Justice SAWYER in favor of the plaintiff.

*S. Brown,* for the appellants.

*A. Pond* and *G. F. Fowler,* for the respondent.

WESTBROOK, J.:

This is an appeal from a judgment rendered in an action of ejectment in favor of the plaintiff. It was tried before Mr. Justice SAWYER without a jury, at the Essex Circuit, in May, 1877, and that was the second trial of the action, which was brought to recover an undivided five-sixteenths of a parcel of land in the north part of township No. 47, in Totten and Crossfield's purchase, in Essex county. The defendants claim that the land is not in that township, but that it is a gore lying north thereof,

and between it and the south line of Macomb's purchase. On the first trial of the cause, which was before the Hon. Platt Potter, as sole referee, it was found, as a fact, that the land in question was in township No. 47, as the plaintiff claimed, and that there was no gore, as claimed by the defendants. This conclusion was affirmed by the General Term of this court (*Thompson* v. *Burhans and others*, 61 Barb., 260), but the judgment rendered in favor of the plaintiff was reversed in the Commission of Appeals (61 N. Y., 52; see opinion of Gray, C., p. 59, and of Earl, C., p. 61), for the reasons hereinafter stated. The same fact has been again found by Justice Sawyer upon substantially the same evidence, and its correctness must now be assumed.

Upon the first trial of this cause, as upon the second, the plaintiff claimed title to the premises under a comptroller's deed from the State to one A. McIntyre, executed in 1836, and possession under it. The judgment rendered upon the referee's report, on the first trial, though affirmed in this court at General Term, was reversed in the• Commission of Appeals, because, whilst it was conceded the plaintiffs had shown possession to a portion of the tract conveyed, yet such possession was not sufficient to cover the whole. But, perhaps, the decision of that court is better conveyed in its own words, through Gray, C. (61·N. Y., pp. 60, 61) : "In this case, the actual possession extended over about 400 acres. The premises purporting to have been conveyed by the comptroller's deed consisted of three several large tracts of land of 6,300 acres each; one to be laid out in the northeast quarter, one in the northwest quarter, and the other in the southeast quarter of township number forty-seven, the three parcels containing, in all, nearly 19,000 acres. The plaintiffs' possession was in or near the southeast corner of the 6,300 acres, which, by the deed, were to be laid out in that corner of that town. This possession, if it could by possibility be considered to have been extended, by construction, to the whole 6,300 acres, of which it was a part, cannot be extended to other subdivisions of the same town." The point, then, which this appeal now presents is, has the plaintiff upon the second trial presented sufficient additional evidence of possession to overcome the difficulty upon which the decision of the Commission of Appeals was based ?

To understand the point more perfectly, a fuller but brief recapitulation is necessary. It appeared on the first trial, as it also does upon the second, that possession had been taken of 400 or 500 acres of lands in the *southeast* quarter of the township, and extensive iron-works had been erected thereon. This was held by Judge POTTER (referee), as before stated, to be a sufficient possession, by the aid of the paper title, to cover the premises in the possession of the defendants in the *northwest* quarter of the town. This court at General Term (61 Barb., 260), concurred in the opinion of the learned referee; but, as has already been shown, the Commission of Appeals held that a possession in the *southeast* quarter could not be extended constructively to another and different quarter — the *northwest* one. Upon this question of fact the learned judge, before whom the second trial was had, has found : " That township number forty-seven aforesaid was, at the time of the giving of said deed, an entirely wild and native forest; that the claimants under said deed have asserted a claim of title under the same, and exercised various acts of ownership over the same since the giving thereof, and have uniformly denied the claim of these defendants that a gore of land existed, from the first assertion thereof by them; and that, in addition thereto, the plaintiff was in the actual possession of said northwest quarter, through one Ralph, so far as the same could be acquired by the building thereon of a shanty and barn, the cutting and running of some logs and timber, and the cutting of roads and lumbering thereon, shortly prior to and at the time of the entry by the defendants Richards and Van Benthuysen, and said Benjamin P. Burhans, deceased, on said premises."

The finding of Judge SAWYER is justified by the evidence, and the question then is — when a large tract of land purports to be conveyed by a paper title, which is subdivided into quarter sections, upon one-quarter of which actual possession has been taken of four or five hundred acres, and valuable improvements made thereon, and upon another quarter, which is the one in controversy, the party claiming under the deed has entered, built a shanty and barn thereon, made roads, and was in the actual enjoyment thereof in cutting and getting logs therefrom, when others enter — can the former recover against the latter in ejectment?

Certainly; so far as this very case has hitherto been settled by authority, the question propounded must be answered in the affirmative. Judge POTTER, acting as a referee, and the General Term of this court have held the possession of the plaintiff sufficient to recover, without the establishment of any actual possession in the northwest quarter of the tract. The Commission of Appeals refused to extend the possession beyond the quarter, which was in part actually possessed, thus leaving the fair inference from their opinion, that if actual possession of a part of the northwest quarter had been shown, the recovery would have been sustained. As the land in question was wild, it is difficult to see what the plaintiff could have done more. He built a barn and shanty upon the quarter in dispute. He was devoting it to all the use it was capable of, that of lumbering, when he was disturbed by the defendant. That possession as against all the world, except the true owner, was sufficient to maintain ejectment or trespass. It was open, notorious, and under a claim of right, and it was actual possession — that kind of possession which is usually and generally taken of timber land. If it is not sufficient, then in every case must the owner of wild lands be compelled to deduce, as against a mere intruder, a paper title, which, owing to the imperfections of records and the want of preservation of conveyances, is generally impossible. We fully concur with the court in *Woods* v. *Banks* (14 N. H., 101), that "an entry upon a lot, *with a view of taking possession of it*, under a claim of title, and marking the lines of it by spotting the trees around it, is a sufficient possession of it against one who can show no right to enter upon the land; although, without an actual enclosure, it is not such an adverse possession as against the real owner as to bar his right under the statute of limitations." Confessedly, in this case, the acts done by the plaintiff upon the northwest quarter were done for the purpose of taking actual possession of the whole quarter. He paid taxes upon it as a whole, and was using it so far as he could when the defendants entered. The possession which he had was in our judgment sufficient to maintain this action against mere wrongdoers, and such the defendants were, as their alleged title entirely fails by the establishment of the fact that lot No. 47 covers the premises in question. As to the alleged want of evidence to

establish the subsequent possession of the defendants, it is sufficient to say that such possession is not really denied either by the pleadings or proofs. They claimed it to be a gore lying north of lot No. 47. On proof of the fact that there was no gore there, but that the premises were in the lot aforesaid, it followed that the action of the plaintiff could not be defeated by showing that the defendants claimed no part of such lot. The fact is that they did claim a part of lot 47, though not by that name, but upon an assertion that the land was in a gore north of the lot. In short, they claimed the land, though they ignored the plaintiff's description thereof.

The result of our examination is that the judgment appealed from should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and WESTBROOK, JJ.

Judgment affirmed, with costs.