The People of the State of New York, Appellant, v. Santa Clara Lumber Company, Respondent. Actions Nos. 1 and 2.

The People of the State of New York, Appellant, v. George N. Ostrander, Respondent.

**Evidence — findings examined and held sufficient to sustain judgment.**

On examination of the records and consideration of former decisions bearing upon the question of title to the premises in controversy, *held*, that a question of fact as to what was intended to be conveyed by a certain state patent is presented and that the findings of fact made by the trial court and unanimously affirmed by the Appellate Division are sufficient to sustain the judgments.
*People* v. *Santa Clara Lumber Co.*, 161 App. Div. 905, affirmed.
*People* v. *Ostrander*, 161 App. Div. 905, affirmed.

(Argued October 13, 1914; decided December 18, 1914.)

Appeal in each of the above-entitled actions from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 23, 1914, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James A. Parsons, Attorney-General* (*Thomas Carmody, Benjamin McClung* and *Valentine Taylor* of counsel), for appellant. The Court of Appeals has jurisdiction to determine the issues herein upon the merits. (*Hirschfield* v. *Fitzgerald*, 157 N. Y. 166; *Matter of Green*, 153 N. Y. 223; *Everett* v. *Everett*, 180 N. Y. 452; *Smyth* v. *Brooklyn Union El. Ry. Co.*, 193 N. Y. 335; *Green* v. *Royal Arcanum*, 206 N. Y. 591.) By the specific exceptions to the conclusions of law, a question of law is squarely raised to be passed upon by this Court of Appeals, as to whether, upon all the facts found, the successful party was entitled to judgment. (*Weeks* v. *N. Y. W. & B. Co.*, 207 N. Y. 190.) The legal effect of an instrument is determined by the terms employed, and its interpretation, as well as its construction, is a question of law for the court and not a question of fact for the jury. (1 Greenl. on Ev. § 277, note 2; *Groat* v. *Gile*, 51 N. Y. 431; *St. Luke's Home* v. *Association*, 52 N. Y. 191; *Glacius* v. *Black*, 67 N. Y. 563; *A. F. I. Co.* v. *Austin*, 69 N. Y. 470; *Miller* v. *Dunlap*, 5 West. Rep. [Mo.] 91; *Shoemaker* v. *Chappell*, 2 Cent. Rep. 656.)

*Ernest P. Hoes, Edward M. Angell* and *Frank L. Hall* for respondents. The courts of this state have twice decided not only that Lawrence patent conveyed to the north line of Totten & Crossfield's purchase, but also that the amount of land covered by that patent was a question of fact. (*Thompson* v. *Burhans*, 61 Barb. 260; 15 Hun, 580; 61 N. Y. 52.) The question of title is one of fact. (*Baker* v. *Carrington*, 34 Misc. Rep. 54; *Wooley* v. *Newcomb*, 87 N. Y. 605; *Jacobson* v. *Brooklyn Lumber Co.*, 184 N. Y. 152; *Kennedy* v. *M. H. & F. Traction Co.*, 178 N. Y. 508; *Miller* v. *N. Y. & N. S. Ry. Co.*, 183 N. Y. 123; *People* v. *Stephens*, 71 N. Y. 549; *Callanan* v. *K., A. C. & L. C. R. R. Co.*, 199 N. Y. 268.) The

decision contained findings of fact abundantly ample to sustain the judgment. (*Jones* v. *Smith*, 73 N. Y. 205; *Dougherty* v. *L. F. Ins. Co.*, 183 N. Y. 302.)

Chase, J.   The actions are each brought for alleged trespass.   The controlling issue upon the determination of which the judgments are based is the title to about 2,315 acres of land which are situated in the town of Newcomb, Essex county, New York.   The plaintiff in each case alleges that it is and at all the times set forth in the complaint has been the owner in fee simple absolute of said lands.   The defendant in each case denies that the plaintiff is the owner of said lands.   The tract in dispute is about half a mile wide and about six miles long and it lies directly south of Township No. 27, of Great Tract No. 1, of what is known as Macomb's purchase.

The claim of the defendants is that the state parted with its title to said lands July 19, 1792, by a patent to Effingham Lawrence which conveyed to said Lawrence: "All that certain tract of land in County of Clinton, being part of the Indian purchase made by Edward and Ebenezer Jessup and their associates under a license granted to Totten & Crossfield and known and distinguished in a division of the said purchase into Townships by the name of Township number 47.

"Beginning at the most northerly corner of Township No. 27, and running thence the following courses as the needle pointed in the year one thousand seven hundred and seventy-two, to-wit, North sixty (60) degrees East four hundred and eighty (480) chains; thence north thirty (30) degrees West three hundred and eighty-six (386) chains and forty (40) links; then West five hundred and fifty-four (554) chains and twenty (20) links and then south thirty (30) degrees East six hundred and sixty-three (663) chains and sixty (60) links to the place of beginning, containing twenty-five thousand two hundred (25,200) acres."

If by said patent the state parted with title to the lands in dispute the complaint was properly dismissed in each action.

There is no dispute between the parties to the actions as to where the true north boundary of the original Totten & Crossfield's purchase is, nor is there any material dispute as to the location of the true south boundary of Macomb's purchase. Each purchase is in fact bounded by the other. The boundary line is the south boundary line of Township 27 in Macomb's purchase and the line at that point between the counties of Essex and Franklin.

It appears beyond reasonable controversy that Township No. 47 of the Totten & Crossfield's purchase extends to the north boundary of said purchase and to the south line of Macomb's purchase. It is claimed by the plaintiff in each action that the state in the patent to Lawrence did not convey the lands in said Township No. 47 to the north bounds thereof, but only to a point considerably south of the north bounds thereof. In other words, the state contends that the metes and bounds in the Lawrence patent do not include the whole of Township No. 47. The court, however, has not made a finding that such metes and bounds do not include the whole township. Even if we should concede that such a finding would be inconsistent with the findings and conclusions of the trial court, such a finding will not be presumed to show such inconsistency or to reverse the judgment. (*Callanan* v. *Keeseville, A. C. & L. C. R. R. Co.*, 199 N. Y. 268, 282.)

The Commission of Appeals in *Thompson* v. *Burhans* (61 N. Y. 52, 59), considering the Lawrence patent and speaking by Gray, Commissioner, say: "The issues presented by the pleadings involve two propositions: First. Whether the 4,000 acres of land, described alike in the complaint and answer, are, as, the plaintiff alleges, in the north part of township number forty-seven; or whether they are, as alleged by the defendants, a gore of land wholly north of, and adjacent to the north line of that lot. * * *

The first proposition is *one of fact*, upon which the evidence is fairly conflicting, and has been disposed of, as such, in favor of the plaintiff, and is not reviewable here."

And speaking by EARL, Commissioner, say: " The referee found, upon sufficient evidence, that there is no such gore, and that the north line of township number forty-seven is a portion of the southerly line of Macomb's Purchase. * * * The plaintiff properly put in evidence the Indian title which finally resulted in a patent to Laurence in 1792, for the purpose of locating and describing the land, and for the purpose, also, of showing title out of the State, as the State could not sell its own land for the non-payment of taxes." (p. 61.) The court, however, found in that case that the plaintiff's tax title was not valid, and reversed a judgment for the plaintiff (61 Barb. 260) and granted a new trial. It later came to this court on an appeal from a decision reported in 15 Hun, 580. The decision on such second appeal is reported in 79 N. Y. 93, 96, where EARL, J., speaking for the court, says: " The defendants claim no other title than the patent from the State (a patent of May 29, 1864), and their title depends entirely upon the existence of the gore. Most of the evidence at the trial was directed to the question of the gore, and after a studious effort to comprehend the full force of the evidence given, I am of opinion that it presented *a question of fact* for the determination of the court at Special Term, and that its finding, like that of the referee, upon substantially the same evidence upon the former trial against the existence of the gore, is conclusive upon us."

Although the state was not a party to the *Thompson* case, and although the statements quoted from the opinions in that case were made notwithstanding the judgments for the plaintiff were on each appeal reversed for reasons not now material, such statements are entitled to great weight upon the question whether the intention of the parties to the Lawrence patent as to the lands conveyed was a question of fact. We have carefully

examined the record in the cases before us, including the many and voluminous exhibits, and are of the opinion, as stated in the *Thompson* case, that a question of fact as to what was intended to be conveyed by the Lawrence patent is presented.

The trial court treated the question as one of fact, but as we have already stated, no finding was made by the trial court upon the question whether the specific description by metes and bounds in the Lawrence patent extends the east and west lines to the north line of the Totten & Crossfield purchase, nor was any finding made upon the question whether the acreage mentioned in said Lawrence deed was less than now appears to be the acreage of said lot 47.

The court in its decision, among other things, found:

" 4. In 1772 Ebenezer Jessup employed one Campbell to survey the said Totten & Crossfield's Purchase and to lay the same out in townships. A map of said survey was made and was filed in the office of the seeretary of state of the State of New York in volume 59 of Land Papers at page 41, on which map township 47 is located and marked.

" 6. In 1792, the People of the State of New York patented to Effingham Lawrence said township 47 plotted on said Jessup's map, bounded on the north by the north line of Totten & Crossfield's Purchase.

" 7. That there is no gore of land belonging to the State of New York between township 47 and the north line of Totten & Crossfield's Purchase, which is the boundary line between Franklin and Essex counties at this point."

The record also includes a paper with further proposed findings, all of which are marked " found " by the trial judge, which if considered by us are also sufficient, even apart from the formal decision, to sustain the judgments.

The appellant insists that such further findings should not be considered for the alleged reason that they were

not presented to the trial court until after the decision of the court was signed and filed.

It is not necessary to consider and determine the controversy in this respect, because we are of the opinion that the findings of fact in the decision are sufficient to sustain the judgments, whether they are considered independently of said further findings, or· in connection with said further findings and also on the assumption that the metes and bounds of the patent do not include the whole of said Township No. 27.

A discussion of the merits of the cases other than as stated is not required in view of our conclusion as to the effect of the findings of fact and of the express and unanimous determination of the Appellate Division that the findings of fact are supported by the evidence.

The judgment of the Appellate Division in each case should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Judgments affirmed.