In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Purpose of Establishing Thereon a Public Beach to All Land and Land under Water Not Heretofore Acquired by The City of New York for Park Purposes, Extending from Jacob Riis Park to the Westerly Line of Beach 25th Street, at Rockaway Beach, in the Borough of Queens, City of New York, Laid Out as a Public Beach upon the Map or Plan of the City of New York by Resolution Adopted by the Board of Estimate and Apportionment on February 29, 1924, as Amended by Orders of the Supreme Court of the State of New York, Second Judicial District, Dated October 16, 1925, and July 29, 1926, and Entered in the Office of the Clerk of the County of Queens October 19, 1925, and July 29, 1926, Respectively, so as to Relate to All Land and Land under Water Not Heretofore Acquired by The City of New York for Park Purposes, Extending from Jacob Riis Park to the Westerly Line of Beach 2d Street, at Rockaway Beach, in the Borough of Queens, City of New York, as Now Laid Out as a Public Beach upon the Map or Plan of the City of New York, in Accordance with Resolutions of the Board of Estimate and Apportionment, Adopted on June 19, 1925, and June 3, 1926.

ROCHE'S BEACH, INC., Assignee of EDWARD ROCHE and Claimant Herein, Appellant; THE CITY OF NEW YORK, Respondent.

Second Department, March 12, 1937.

*Orrin G. Judd* [*Martin A. Schenck* and *Herbert A. Heerwagen* with him on the brief], for the appellant.

*Joseph F. Mulqueen, Jr.* [*Paul Windels, Corporation Counsel, Daniel M. Cohen* and *Reuben Levy* with him on the brief], for the respondent.

HAGARTY, J.  In this condemnation proceeding relating to the taking of property for the purposes of a public beach, the appeal is from so much of the last partial and separate final decree as makes a nominal award for a part of damage parcel No. 823 and for damage parcels 761, 762, and 764-a, and as makes the awards for such parcels to unknown owners instead of to appellant.  In our opinion, the claimant sustained its title to the lands under water to the southerly line of the taking, which is indisputably north of the high-water mark of 1879.  The value of such lands should be predicated, not only upon the practicability of reclamation by artificial means, but upon the likelihood of emergence of the land in accordance with the cycle of change which prevails in that section of the coast, with allowance, however, for the fact that the same cycle of change, induced by violent disturbances of storms and tides, may cause or tend to cause future submergence or destruction.  Excluded from that portion of damage parcel 823 in question here, for which an award is to be made to appellant, is so much thereof as lies in the beds of Beach 19th street and Beach 17th street as extended southerly, title to which is not in the appellant.  The descriptions of the property in the deeds which conveyed title to the appellant's predecessors do not include title to the beds of such streets or their extensions to the ocean.  The record does not establish the appellant's claim of title by means of adverse possession.  The testimony of Newburg, adduced at a hearing of claims other than those of the appellant, was not binding upon it and should not have been included in this case on appeal.

The last partial and separate final decree, in so far as it makes an award of nominal damages to unknown owners for that part of damage parcel 823 which lies between the easterly and westerly bounds of appellant's property, should be reversed on the law and

the facts and the matter remitted for a further hearing, costs to abide the event. In all other respects the decree, in so far as an appeal is taken, should be affirmed, without costs.

LAZANSKY, P. J., CARSWELL and DAVIS, JJ., concur; TAYLOR, J., in separate opinion, dissents from the reversal as to damage parcel No. 823, and votes for affirmance as to that; otherwise, he concurs.

TAYLOR, J. (dissenting in part). I concur only in that phase which relates to nominal awards to unknown owners for damage parcels 761, 762 and 764-a, each of which is burdened with street easements; but dissent from the reversal as to damage parcel 823, and vote to affirm the decree in that phase upon the ground that appellant's assignor, the original claimant, failed to prove his title thereto. The claimed proof of title includes the judgment roll in *Mulry* v. *Norton* (100 N. Y. 424) as an essential part thereof. Under familiar principles, the determination in that case is not *res judicata* herein, for it is binding only upon the parties to the action and those in legal privity with them. (*St. John* v. *Fowler*, 229 N. Y. 270, 274.) The respondent city is in neither category. Nor does the *Mulry* case aid the appellant under the doctrine of *stare decisis*. Earlier decisions construing land grants are of great weight as precedents even though a party to a subsequent litigation was not a party thereto (*People* v. *Santa Clara Lumber Co.*, 213 N. Y. 226) or in legal privity with such a party. It is true also that courts should not undermine the law by reversing their decisions unless they have been demonstrated to be erroneous through failure to consider statutes, prior decisions, material facts, or other substantial features, or unless through changed conditions such decisions have become obviously harmful or detrimental to society. (*Matter of Grifenhagen* v. *Ordway*, 218 N. Y. 451.) The doctrine of *stare decisis* is not the equivalent of *res judicata;* the former relates, not to facts, but to the legal principles involved. (*Matter of Peiser*, 79 Misc. 668; *Matter of Gedney*, 142 N. Y. Supp. 157.) In *Mulry* v. *Norton* (*supra*) the boundaries were not in dispute. Consequently that here material fact was not there litigated. RUGER, Ch. J. (at p. 429), wrote: " This action involves the title to certain beach lands on the ocean shore at Far Rockaway. No dispute arises over the boundaries of the plot, or the location of the beach, as being included within the description of the deeds under which plaintiff's grantors formerly occupied the premises." It is not apparent, therefore, how on any theory the determination in the *Mulry* case can form a valid factual basis of a finding of title in the claimant. The Special Term in effect did find just that,

although it awarded nominal damages only. That award is the substantial equivalent of the disallowance of the claim for damages. (See *McGirr* v. *Campbell*, 71 App. Div. 83, 85.)

Last partial and separate final decree, in so far as it makes an award of nominal damages to unknown owners for that part of damage parcel No. 823 which lies between the easterly and the westerly bounds of appellant's property, reversed on the law and the facts and the matter remitted for a further hearing, costs to abide the event. In all other respects the decree, in so far as an appeal is taken, is unanimously affirmed, without costs.