THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* TAHAWUS PURCHASE, INC., et al., Respondents.

Third Department, June 3, 1944.

*Nathaniel L. Goldstein,* Attorney-General (*Orrin G. Judd,* Solicitor-General; *Archie C. Taylor* of counsel), for appellant.

*David E. Snyder,* attorney (*George B. Smith* of counsel), for respondent Tahawus Purchase, Inc.

HILL, P. J. This action was brought by appellant the People of the State of New York, for a declaratory judgment adjudging that they were seized of the original sovereign title to 187.50 acres of land which the complaint alleges is bounded "North by Township 27, Great Tract 1, Macomb's Purchase; East by

Lot 44, Richard's Survey, Township 12, Old Military. Tract; South by Gore East of Township 47, Totten & Crossfield's Purchase; and West by Township 47, Totten & Crossfield's Purchase ''. Defendants were Tahawus Purchase, Inc., and several individuals. No claim was asserted by any of the individuals. By amendment during trial the cause of action was changed to one in ejectment. The judgment determined that the lands belonged to Tahawus, Inc., and that the People of the State had divested themselves of title thereto by a patent dated November 15, 1827, to John McDonald McIntyre and Peter McMartin, recorded in the Secretary of State's Office, Liber 29 of Patents, page 604, and in Essex County clerk's office, and that Tahawus, Inc., derived its title from the grantees of the State's patentees.

This action is closely related both as to facts and issues to *People* v. *Santa Clara Lumber Co.* (213 N. Y. 226) wherein it was determined that the People of the State did not own a tract of land a half mile wide and six miles long in Township 47 of Totten and Crossfield's Purchase (sometimes called Jessup's Purchase); that the State by a patent dated July 19, 1792, conveyed to Effingham Lawrence Township No. 47 of Totten and Crossfield's Purchase, and that its northerly boundary was Township 27 of Macomb's Purchase. The land involved in this action is bounded on the west by that of which the ownership was adjudicated in the *Santa Clara* case. Such uncertainty as there is concerning the boundaries in this wooded and mountainous section of New York State resulted from two errors, one made by a surveyor Charles Brodhead about 1797 by the mislocation of the south line of Macomb's Purchase and the Military Tract, the other because the westerly line of lands designated '' Old Military Tract '' was surveyed and marked south of the '' Campbell Line '' extended easterly, by Medad Mitchell the year previous.

'' It appears beyond reasonable controversy that Township No. 47 of the Totten & Crossfield's Purchase extends to the north boundary of said purchase and to the south line of Macomb's purchase '' (*People* v. *Santa Clara Lumber Co., supra,* p. 229). This line is known as the Campbell (1772) Mitchell (1796) or Wright (1800) Line, more often as the '' Campbell Line ''. The land to the south of it is designated Totten and Crossfield's Purchase, or Jessup's Purchase. The '' Old Military Tract '' was laid out by an act of the Legislature (L 1786, ch. 67) and is therein described as a tract of land '' beginning at a certain point in the north bo[u]nds of Jes-

sup's purchase, thirty miles distant from the north east corner of two certain tracts of land granted to Philip Skeene by letters patent bearing date the sixth day of July one thousand seven hundred and seventy one, and running thence north to the north bounds of the State, thence easterly along the same twenty miles thence south to the north bounds of Jessups purchase aforesaid continued easterly, thence to the place of beginning ''. It derived its name because, as stated in the statute, it was to be divided up and used '' for satisfying out of the said tract of land such claims of all such persons who are or shall be entitled to grants of land by virtue   *   *   * ''  of having served in the army during the Revolutionary War.  The State asserts that the southern boundary of the Military Tract is the Brodhead Line which is about a half mile south of the Campbell Line.█ West of the lands in suit are those of which the ownership was adjudicated in the *Santa Clara Lumber* case (*supra*).

Respondent traces its chain of title to a patent earlier mentioned to McIntyre and McMartin.   Therein the lands are described as being a part of Totten and Crossfield's Purchase lying south of Township No. 12 of the Old Military Tract, east of Township No. 47 and north of Township No. 45 of Totten and Crossfield's Purchase '' and is bounded and described in the field book and Map of said Tract made by John Richards and filed in our Secretary's Office as follows, to wit; BEGINNING at the most northerly corner of Township number Forty six of said purchase a cedar tree standing at the bottom of steep pitch descending southerly and formerly marked T46; 1796 and marked anew JRRS 1827 running thence north *north* sixty degrees East one hundred and sixty chains to a small fir tree marked DH 1827 standing on smooth land inclining gradually to the east near the west side of a small swamp, thence running North thirty degrees west Three hundred thirty one chains to the south boundary of said Township Number Twelve Old Military Tract on an impracticable place thence on the said south boundary one hundred and eighty four chains to the most northerly corner of said Township Number Forty-seven thence on the easterly line of the same south thirty degrees East four hundred and thirty chains to the place of beginning.  Containing six thousand and eighty eight acres.''   The land in suit is bounded on the north by the southern boundary of Macomb's Purchase, on the west by the lands denied to the

People of the State of New York in the *Santa Clara Lumber* case, which is the easterly line of Township 47, and the northwest corner of the lands in suit is " the most northerly corner " of said Township 47. True it is that the east, west and north boundary lines of the land patented to McIntyre and McMartin are longer than given. From the recital in the patent that the point on the southern boundary of the Old Military Tract is " on an impracticable place " and from other data, it is a reasonable inference that Richards, the surveyor, did not go to the northerly part of the tract which he described. The fact that the courses are stated to be shorter than the facts has little significance, as the northerly line is stated to be the southerly bound of the Military Tract, and the western terminus the " most northerly " corner of Township 47.

The State could prevail only if the southerly boundary of the Military Tract was determined to be the discredited Brodhead line, which was judicially disapproved (*Santa Clara Lumber* case, *supra*) westerly from the west side of the lands here involved.

This case, the same as *Santa Clara Lumber Co.* (*supra*) involves only questions of fact. Justice BREWSTER who presided at the trial wrote a lengthy, exhaustive and cogent opinion (26 N. Y. S. 2d 795) which discusses the ancient documents and maps received in evidence, and gives full consideration to the contention of the appellants and likewise outlines more exhaustively the details in support of the facts recited above. The judgment should be affirmed, with costs.

BLISS, HEFFERNAN and SCHENCK, JJ., concur; BREWSTER, J., taking no part.

Decision affirmed, with costs.