In an action to recover 1926 and 1927 taxes paid to the City of New York under protest in 1935, judgment in favor of the plaintiff affirmed, with $10 costs and disbursements. The city’s right to tax property bounded by Atlantic and Pacific Boulevards, Fifth and Sixth Streets, at Atlantic Beach, depends upon whether that property was located within the city’s territorial limits, as fixed by the 1901 Greater New York Charter (L. 1901, ch. 466), prior to the amendment accomplished by the boundary law of 1928. (L. 1928, ch. 802.) The 1901 Charter adopted as the city’s southerly and easterly boundaries, the boundaries of the former Village of Far Rockaway. Upon the incorporation of that village in 1888, there had been prepared, as required by the Village Law, a map and description of the village boundaries. The map and description of the southerly boundary of the village indicate that it began at a point on a certain' “ Outer Beach ” and ran “ along the shore of the ocean ”, The parties agree that this line was variable. We hold, therefore, that the original southerly boundary of the Village of Far Rockaway was, therefore, the ocean shore line of the Outer Beach. (Decker V. -City of New York, 216 App. Div. 334, affd. 245 N. Y. 515.) It was the intention of the Legislature, in adopting the southerly boundary of the Village of Far Rockaway as the southerly boundary of the city in the Greater New York Charter, that the southerly boundary should extend to the ocean shore line of the then existing land known as Outer Beach and-that, if in time Outer Beach disappeared and another piece of land reappeared in its place but in no way identified with the former Outer Beach, the city boundary line was not to extend to the ocean shore line of the new land if the latter line was south of the shore line as originally plotted. The city concedes in its brief, as it did on the argument, that upon the disappearance of the Outer *921 Beach, its boundary receded north to the Roekaway mainland. This concession is tantamount to an admission that the Outer Beach lands were washed away by a process of erosion, rather than by avulsion, and eliminates from this case any question of fact on that issue. It is established that variable governmental boundaries, running along tidal waters, are affected by the rules of avulsion, erosion and accretion. (Nebraska v. Iowa, 143 U. S. 359; Arkansas v. Tennessee, 246 U. S. 158, 173; Kansas v. Missouri, 322 U. S. 213, 215.) - Subsequent accretions, not to lands within the city’s boundaries, but to the island of Long Beach, did not serve to advance the city’s boundaries to include such accretions. (Matter of City of Buffalo, 206 R. Y. 319, 325-326; Town of Hempstead v. Lawrence, 147 App. Div. 624; Island Park Associates v. O’Donohue Park Corp., R. Y. L. J., (June 13, 1928, p. 1308, col. 3), affd. 227 App. Div. 738, affd. 254 R. Y. 523; cf. Nulry v. Norton, 100 R. Y. 424; Matter of City of New York [Roche’s Beach, Incf], 250 App. Div. 239.) The fact that the City of Rew York alone, after placing this property on its tax maps for several previous years, finally asserted a right to tax these Atlantic Beach lands for the years 1926 and 1927, may not be regarded as substantial evidence of a practical interpretation of the city’s boundaries. (Cf. Marba Sea Bay Corp. v. Clinton St. R. Corp., 272 R. Y. 292.) Ro other evidence as to practical construction was relied upon by the city on this appeal. It follows, therefore, that summary judgment was properly granted in the respondent’s favor. Johnston, Adel, Rolan and Sneed, JJ., concur; Carswell, Acting P. J., dissents and votes to reverse the judgment and to deny plaintiff’s motion for summary judgment, with the following memorandum: The keystone of the premise upon which plaintiff’s judgment stands is stated as follows: “ The City concedes * * * that upon the disappearance of the Outer Beach, its boundary receded north to the Roekaway mainland. This concession is tantamount to an admission that the Outer Beach lands were washed away by a process of erosion, rather than by avulsion, and eliminates from this case any question of fact on that issue.” It is beyond the power of city officials or the Corporation Counsel to make any such concession destructive of the city’s rights and interests. (City of New York v. Wilson & Co., 278 N. Y. 86, 99; see, also, New York Tel. Co. v. Bd. of Education, 270 N. Y. 111, 119; New York City Employees’ Retire. System, v. Eliot, 267 N. Y. 193, 203; Lord & Burnham Co. v. City of New York, 251 N. Y. 198, 204.) In Island Park Associates v. O’Donohue Park Corp. (N. Y. L. J., June 13, 1928, p. 1308, col. 3, affd. 227 App. Div. 738, affd. 254 N. Y. 523) it was recognized that heavy storms took away lands in this general area. If the fact be that the change was due to avulsion, the plaintiff may not prevail. This phase should be made the subject of proof on a trial. Upon whom rests the burden of proof may be the deciding factor on this phase. The burden of proof on the whole case rests upon the plaintiff and, likewise, the burden to establish that the change was due to erosion rests upon the plaintiff. The consequences, generally, of the decision herein in respect of the alleged rights of the parties make inappropriate their determination on a motion for summary judgment.